UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HALEY N. WEIS,

        Plaintiff,

  v.                                          Case No. 18-C-648

JOHN DOE, et al.,,

        Defendants.

## SCREENING ORDER

Plaintiff Haley N. Weis, who is currently representing herself, filed a complaint against John Doe defendants, alleging claims of deliberate indifference and defamation. Weis seeks leave to proceed without prepayment of the filing fee in this case. District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 230 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statements need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). With these standards in mind, I now turn to the allegations of the complaint.

On March 21, 2018, Weis was admitted to the emergency room at Theda Care Medical Center in Neenah, Wisconsin due to an opioid overdose. She received prescriptions for Depakote, Zyprexa, and Mirtazapine upon discharge to Gateway Community Living Center in Weyauwega, Wisconsin. Sometime during her stay at Gateway, Weis began experiencing adverse side effects from her medications. Gateway staff called an ambulance for transport to the Riverside Medical Center emergency room in Waupaca, Wisconsin. EMT Jane Doe made Weis walk to the ambulance even though Weis had difficulty walking. EMT Jane Doe and John Doe accused Weis of using illegal narcotics. Due to the difficult driving conditions caused by a blizzard, a county plow escorted the ambulance to the hospital.

Upon arrival, RN Jane Doe and Dr. John Doe made indirect disparaging comments about Weis' previous emergency room visit. They continually asked Weis if she used illegal narcotics.

2

Weis claims RN Jane Doe maliciously put an IV into her arm, causing significant pain. When Weis asked that they take the IV out, the defendants refused to discontinue administering liquid Benadryl. She asserts the defendants refused to hydrate her and only gave her two saltine crackers to eat, even though the staff had a pizza party in front of her room.

Weis was subsequently discharged from the emergency room. A nurse called Gateway's transportation service, R/R Transport, to transport Weis back to Gateway. R/R Transport refused to pick her up due to the blizzard. Plaintiff asserts the ambulance workers refused to give her a ride back to Gateway, and she was forced to walk six blocks from the hospital in the blizzard to the home of her boyfriend's father to get a ride. She claims she only wore socks for gloves and a thin blanket. Weis alleges she ultimately walked at least one mile to Gateway by herself.

The court finds that it has no subject matter jurisdiction over this action. Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at any point in the proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994). After reviewing the complaint, the court finds it does not have subject matter jurisdiction over this action based on either diversity jurisdiction pursuant to 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331.

Diversity jurisdiction exists when there is complete diversity of citizenship among the parties to an action and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). In this case, complete diversity does not exist because Weis and the defendants reside in Wisconsin.

In addition, Weis has failed to sufficiently plead a federal question. For a court to exercise federal question jurisdiction, a well-pleaded complaint must establish "that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). Weis asserts the defendants exhibited deliberate indifference to her serious medical needs in violation of her constitutional rights. Section 1983 imposes civil liability on any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction [of the United States] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The purpose of § 1983 is "to provide compensatory relief to those deprived of their federal rights by state actors." *Felder v. Casey*, 487 U.S. 131, 141 (1988). A private hospital and its employees are not state actors and thus cannot be named as defendants in a § 1983 action. *See Babchuk v. Ind. Univ. Health, Inc.*, 809 F.3d 966 (7th Cir. 2016) (private hospital not considered state actor under § 1983). Accordingly, Weis has no basis to assert a deliberate indifference claim against the defendants.

Moreover, Weis cannot establish a civil rights violation under § 1983 premised upon defamatory statements. Weis does not have a constitutional right to be free from defamation. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) (although a state may protect against injury to reputation by virtue of its tort law, a person's reputation does not implicate a "liberty" or "property" interest of the sort protected by the Fourteenth Amendment); *see also Bone v. Lafayette*, 919 F.2d 64 (7th Cir. 1990). While relief in federal court is foreclosed to Weis' defamation claim, she may pursue this

4

claim in state court. In sum, Weis' complaint must be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that this action is dismissed *sua sponte* for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Weis' motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **DENIED**.

Dated this   2nd   day of May, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
